UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LUCILLE MOORE,

                    Plaintiff,

                                                    Case number 04-73935
v.                                                  Honorable Julian Abele Cook, Jr.

METROPOLITAN LIFE INSURANCE
COMPANY, a foreign corporation,

                    Defendant.


ORDER

The Plaintiff, Lucille Moore ("Moore"), initiated this lawsuit against the Defendant,

Metropolitan Life Insurance Company ("MetLife"), seeking to obtain death benefits under an

employee welfare benefit plan ("Plan")[1]. On July 11, 2005, MetLife filed a motion for the entry

of a judgment on the basis of the administrative record. For the reasons that are stated below, the

Court grants MetLife's motion and, in so doing, affirms the administrative decision.

I.

On February 28, 1998, Moore's husband, Ronald D. Moore ("Decedent"), was fatally

injured when he struck a tree after driving westbound on Nine Mile Road in the City of Southfield,

Michigan. According to the police report by an investigating officer, the Decedent had been

---

[1]This Plan is officially identified as the "American Express Financial Corporation Group
Life Insurance Plan."

driving at a high rate of speed while legally intoxicated[2] when he lost control of his vehicle.

At the time of his demise, the Decedent was employed as a district manager by the American Express Financial Corporation ("American Express"). Pursuant to the terms of the Plan, he had coverage for Group Life Insurance ("GLI"), as well as for Accidental Death and Dismemberment Insurance Benefits ("ADDI"). Under this Plan, GLI benefits are payable upon the death of the participant regardless of the cause of death. As a result, Moore received $32,000 plus $436.60 in interest under the terms of the GLI policy.

Turning to the other insurance coverage (ADDI), the payment of these benefits is governed by MetLife, who serves as the plan fiduciary. The Plan description provided that "[accidental] death and dismemberment insurance provides another layer of protection against unexpected events such as loss of your life, a limb, or your eyesight as a result of an accident." However, the Plan excludes certain injuries from coverage, in that it "will not pay benefits for a loss caused (or contributed to) by . . . intentionally self-inflicted injury."

At first, the claim by Moore for ADDI benefits was held in abeyance until additional information, including a copy of the police report of the Decedent's accident on February 28, 1998, could be obtained by MetLife. On September 8, 1998, Metlife notified Moore of its decision to deny her ADDI claims because, in its opinion, the Decedent's death was "caused or contributed to by . . . intentionally self-inflicted injury." She was also advised by MetLife that inasmuch as the Decedent's collision was attributable to her husband's voluntary intoxication, his death was not

---

[2] In 1998, the law in Michigan law prohibited persons from driving a motor vehicle with a blood-alcohol level equal to or greater than 0.10 grams per milliliter of blood. Mich. Comp. Laws § 257.625 (1998). An autopsy revealed that the blood alcohol level of the Decedent at the time of the accident was 0.23 grams.

considered to have been caused by an accident.  MetLife also informed Moore that she had a period

of sixty (60) days from the date of her receipt of the denial notice in which to file a petition for

review. There is no evidence that she ever filed an appeal from this administrative decision. Instead,

she initiated her claim against Metlife on September 8, 2004 by filing a Complaint with the Oakland

County Circuit Court in Michigan.  On October 6, 2004, MetLife caused the case to be removed to

this Court on the basis of its diversity jurisdiction.

II.

In 1991, the Court of Appeals for the Sixth Circuit proclaimed that the "administrative

scheme of ERISA[3] requires a participant to exhaust his or her administrative remedies prior to

commencing suit in federal court."  *Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979, 986 (6th Cir.

1991). The Plan**,** which is applicable to this controversy, specifically provided that "[a] claimant (or

his duly authorized representative) who wants to appeal the plan administrator's, provider's or

insurer's decision to deny a claim must submit a written request for review to the plan administrator,

provider or insurer within 60 days after receipt of the notice of denial. . . ."

Here, it is clear that Moore neither sought nor attempted to seek an administrative review

of MetLife's denial of her quest to obtain benefits under the ADDI policy.  Rather, she undertook

to obtain an appropriate remedy by seeking a judicial resolution of her disagreement with MetLife**.**

Inasmuch as Moore failed to exhaust her administrative remedies, this Court is without jurisdiction

to evaluate her claims.  However, assuming arguendo that this Court did have jurisdiction, Moore's

claims would be denied for the reasons set forth below.

---

[3]ERISA is an acronym for the Employee Retirement Income Security Act.  29 U.S.C. § 1001 *et seq*.

III.

The Plan**,** which is applicable to this controversy, is an "employee benefit plan," as defined by ERISA.  29 U. S. C. § 1002(1), (3) (2005). The relevant preemption clause states that this statute "shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan." 29 U.S.C. § 1144(a).  The Supreme Court has interpreted this clause as preempting any state law claim that would allow employee benefit plan beneficiaries to "obtain remedies under state law that Congress rejected in ERISA." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54 (1987). This interpretation reflects the intent of Congress "that the civil enforcement provisions of ERISA § 502(a) be the exclusive vehicle for actions by ERISA plan participants and beneficiaries asserting improper processing of a claim for benefits." *Id.* at 52.   The Court of Appeals for the Sixth Circuit has "recognized the broad sweep of [the ERISA] preemption provision in relation to state law claims based upon an improper denial of benefits, noting that 'virtually all state law claims relating to an employee benefit plan are preempted by ERISA.'" *Ramsey v. Formica Corp.*, 398 F.3d 421, 424 (6th Cir. 2005) (citing *Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir.1991)).

IV.

A federal court may review a plan administrator's denial of benefits *de novo* "unless the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989).  Whenever a plan administrator has the discretionary authority to determine benefits, a court must review an administrative decision to deny an applicant's request under "the highly deferential arbitrary and capricious standard of review." *Yeager v. Reliance Standard Life Ins. Co.,*

4

88 F.3d 376, 381 (6th Cir. 1996).  The Sixth Circuit has consistently required an employee benefit

plan to contain a "clear grant of discretion [to the administrator] to determine benefits or interpret

the plan." *Wulf v. Quantum Chem. Corp.*, 26 F.3d 1368 (6th Cir. 1994).

     An examination of the Plan in this case reveals that  MetLife is the current claims  fiduciary[4]

for ADDI benefits.  Here, the applicable language of the Plan advises a beneficiary to "[complete]

and return the forms to Group Benefits within 90 days after the death or loss or as soon as

reasonably possible.  These forms provide the written proof of death or loss that the insurance

company requires before any payments can be made."

     In *Perez v. Aetna Life Insurance Company*, 150 F.3d 550, 555 (6th Cir. 1998), the Sixth

Circuit reviewed the challenged  employee benefit plan, which stated, in part,  that "written proof

of total disability must be furnished to [Aetna] within ninety days after the expiration of the [first

twelve months of disability]. Subsequent written proof of the continuance of such disability must

be furnished to [Aetna] at such intervals as [Aetna] may reasonably require. . . . . [Aetna] shall have

the right to require as part of the proof of claim satisfactory evidence . . . that [the claimant] has

furnished all required proofs for such benefits. . . ." The *Perez* court determined that this language

brought about  a grant of discretionary authority to Aetna because  it was given the ability to

request the production of certain evidence, review it, and then make a benefits determination.

Courts in other litigations have determined that an employee benefits plan, which required the

submission of a satisfactory proof of loss, resulted in a grant of discretionary authority.  *Yeager*,

---

     [4]A fiduciary is defined as a person who "exercises any discretionary authority or
discretionary control respecting management of such plan or exercises any authority or control
respecting management or disposition of its assets...or he has any discretionary authority or
discretionary responsibility in the administration of such plan."  29 U.S.C. § 1002(21).

88 F.3d at 380-81 (claimant must submit "satisfactory proof of Total Disability to us"); *Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979, 983 (6th Cir. 1991) (disability determined "on the basis of medical evidence satisfactory to the Insurance Company"); *Miller v. Auto-Alliance Int'l Inc.,* 953 F.Supp. 172, 175 (E.D. Mich. 1997) (benefits paid "when [insurer] receive[s] notice and satisfactory proof of loss").     However, a provision within an employee benefit plan which requires the insured to submit a written proof of loss, without more, does not contain a "clear grant of discretion [to plan administrator] to determine benefits or interpret the plan." *Hoover v. Provident Life & Accident Ins. Co.*, 290 F.3d 801, 808 (6th Cir. 2002) (quoting *Perez,* 150 F.3d at 557).  In *Hoover*, the employee benefit plan under scrutiny required the submission of written proof of loss. *Id.* After receipt of "proper" written proof of loss, the plan administrator was obliged to pay the designated monthly benefits. *Id.* This employee benefit plan also provided that the administrator could "require any proof which [it] consider[s] necessary to determine [claimant's] current monthly income and prior monthly income." *Id.* The Sixth Circuit determined that the administrative decision should have been reviewed on a *de novo* basis since the employee benefit plan  neither expressly stated that the administrator had discretion over the determination of benefits nor contained any language which required a "satisfactory" proof of loss. *Id.*

When a court reviews an issue *de novo*, it merely decides if  it agrees or disagrees with the decision under review. *Perry v. Simplicity Eng'g, Div. of Lukens Gen. Indus.*, 900 F.2d 963 (6th Cir. 1990). Within the ERISA context, the role of a reviewing federal court is to determine whether the administrator or fiduciary made a correct decision. *Id.* Such a review is limited to the record before the administrator.   Thus, it is incumbent upon a federal court to determine if the administrator properly interpreted the employee benefit plan and whether the insured was entitled

to benefits under the plan.  *Id.*

In the present case, the Plan does not contain language which requires the production of a "satisfactory" proof of loss.  Rather, the requirements of this Plan are virtually identical to those in *Hoover.*  Specifically, it only  requires the applicant to submit a written proof of loss within 90 days after the loss.

V.

As a fundamental point, MetLife submits  that its decision to deny Moore's claim for ADDI benefits was reasonable and proper because her husband's death was attributed to his high speed driving while he was legally intoxicated.  In MetLife's denial of benefits letter of September 8*,* 1998, it specifically explained to Moore that her husband's **"**act of driving while so impaired rendered the infliction of serious injury or death reasonably foreseeable and, hence, not accidental as contemplated by the Plan."

The common law definition of an "accident," as  used by the First Circuit Court of Appeals in *Wickman v. Northwestern Nat'l Ins. Co.,*  908 F.2d 1077 (1ˢᵗ Cir. 1990), requires a claimant (such as Moore) to demonstrate that the injury was neither subjectively expected nor objectively reasonable.  In *Nelson v. Sun Life Assurance Co. of Canada*, 932 F.Supp 1010, 1012-13 (W.D. Mich. 1997), the court determined that the fatal injury of the insured, who was operating his motor vehicle at the time of the collision while under the influence of intoxicants,  was foreseeable and not caused solely by an accident which was independent of all other causes within the meaning of a policy governed by ERISA.  The court explained that "there can be no dispute that the voluntary consumption of alcohol, in conjunction with the high blood content, would seriously impair [Nelson's] judgment and ability to control his vehicle."  *Id.* at 1013.  In its assessment of the

parties' arguments, the *Nelson* court emphasized, that even when reviewing the case on a *de novo*

basis, the record demonstrated that (1) the fatality did not satisfy the definition of an "accidental

bodily injury" and (2) the exclusion for "intentionally self-inflicted injuries" was applicable to the

controversy. *Id.* at 1012. Similarly, in *Fowler v. Metropolitan Life Ins. Co.,* 938 F.Supp. 476

(W.D. Tenn. 1996), the court also concluded that a plan participant, who was involved in a fatal

accident while operating his car under the influence of intoxicants, did not die an "accidental

death." In making its decision, the court pointed out that "the hazards of drinking and driving are

widely known and widely publicized. It is clearly foreseeable that driving while intoxicated may

result in death or bodily harm." *Id.* at 480.

Other federal courts have also concluded that those injuries, which are sustained as a result

of driving while intoxicated, although unintentional, are not accidental because the result is

reasonably foreseeable. *Cozzie v. Metropolitan Life Ins. Co.,* 140 F.3d 1104, 1110 (7th Cir. 1998)

(death resulting from driving while intoxicated was not accidental); *Baker v. Provident Life &*

*Accident Ins. Co.,* 171 F.3d 939, 943 (4th Cir. 1999) (automobile accident subsequent to driving

while intoxicated was not accidental).

In this case, the Decedent had a  blood alcohol level that was greater than the statutory

minimum of 0.10 grams per milliliter of blood at the time of his collision. Under such an impaired

condition, it was logical and reasonable for MedLife to have concluded that he had intentionally

driven his vehicle in a careless and reckless manner which ultimately resulted in a collision with

a tree. Thus, it was entirely reasonable for MedLife to have concluded that the Decedent should

have foreseen the possibility of serious bodily injury or death to himself and to others as a result

of the dangerous operation of his vehicle while intoxicated. The dangers of driving while

8

intoxicated are myriad including a diminished capacity to think, function, respond to potential

harm, the loss of balance and a visual acuity. Consequently, the operation and crashing of a vehicle

subsequent to voluntary intoxication cannot be considered to have been an "accident" for purposes

of ADDI benefits under the Plan.

VI.

In summary, although this Court is without jurisdiction to hear Moore's claims for failure

to exhaust her administrative remedies, the evidence in the administrative record demonstrates that

the Decedent's death was not an accident. Consequently, MetLife's denial of Moore's claims for

ADDI benefits were proper. Accordingly, the Court grants Metlife's motion for judgment on the

administrative record.


IT IS SO ORDERED.


DATED:      February 6, 2006                            s/ Julian Abele Cook, Jr.
            Detroit, Michigan                          JULIAN ABELE COOK, JR.
                                                       United States District Judge


Certificate of Service

I hereby certify that on February 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                       s/ Kay Alford
                                                       Courtroom Deputy Clerk